# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| HEATHER STOCKTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BELK, INC., ) <br> ) <br> Defendant. ) | Case No. 2:19-cv-00332-JPM-CHS |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Belk, Inc.'s Motion for Summary Judgment, filed on December 1, 2020. (ECF No. 21.) Belk argues that Plaintiff Heather Stockton cannot prove the duty or causation elements of her negligence claim as a matter of law and that therefore Belk is entitled to summary judgment in its favor. (ECF No. 22 at PageID 216.)

Stockton filed a Response on December 21, 2020. (ECF No. 23.) Stockton argues that Belk had a duty because it negligently placed an advertising sign in an area of the store that created a dangerous condition for the customers. (See generally id.) Stockton further argues that the third party who knocked the sign over and into Stockton was not included in the pleadings and that Belk cannot attribute fault to him or her. (Id. at PageID 228.)

Belk filed a Reply on January 4, 2021. (ECF No. 29.) Belk argues that the sign was not placed improperly for purposes of customer safety, that the sign was not inherently dangerous and that the cases on which Stockton relies are distinguishable. (See generally id.)

For the reasons set forth below, Belk's Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

Stockton and her daughter went to the Athens, Tennessee Belk store ("the Store") for a Black Friday shopping event on or about November 22, 2018.[1] (ECF No. 22 at PageID 206.) At approximately 5:00 p.m., Stockton and her daughter got in line in the men's department to purchase some items. (Id. at PageID 207.) Approximately eight to ten minutes later, "an unknown lady walking through the men's department with an armful of merchandise ran into a circular clothing rack." (Id.) The circular clothing rack hit an advertising sign, causing it to fall. (Id.) At the same time, Stockton's daughter got her attention and, as Stockton turned to respond to her daughter, the falling sign hit her. (Id.) "The lady who caused the sign to fall then threw her merchandise down, said 'oh, my gosh,' and walked away." (Id.)

Stockton filed a Complaint in the Circuit Court for McMinn County, Tennessee on October 21, 2019, asserting that Belk breached its duty of care to keep the premises of the Store in a reasonably safe condition and that Belk negligently failed to correct a dangerous condition that it knew or should have known existed. (ECF No. 1-1 at PageID 8–9.) Belk removed the case to the United States District Court for the Eastern District of Tennessee on November 21, 2019. (ECF No. 1.) As previously noted, Belk filed the instant Motion for Summary Judgment on December 1, 2020. (ECF No. 21.) Stockton filed a Response on December 21, 2020. (ECF No. 23.) Belk filed a Reply on January 4, 2021. (ECF No. 29.)

---

[1] Because Stockton states in her Response to Belk's Motion that "[t]he factual background submitted by the Defendant is generally correct[,]" the Court will primarily cite to the facts as presented in Belk's Motion. (ECF No. 23 at PageID 218.) Belk's Motion also primarily cites to Stockton's and her daughter's deposition testimony in support of its factual background. (ECF No. 22 at PageID 206–07.) The Court also notes that although Belk's Motion states the date of the incident was November 22, 2019, the deposition testimony of Stockton and her daughter instead gives the date of the incident as November 22, 2018. (See ECF No. 23-1 at PageID 245.) Because this case was filed in state court prior to Belk's stated date of November 22, 2019, Stockton's testimony appears to reflect the correct date and the date in Belk's Motion appears to be a typographical error.

## II. LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the non-moving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448–49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587. "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted).

In order to "show that a fact is, or is not, genuinely disputed," a party must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party cannot produce admissible evidence to support the fact." L.R. 56.1(b)(3); Bruederle, 687 F.3d

3

at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 Fed. Appx. 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251-52). Summary judgment "'shall be entered' against the non-moving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" Rachells v. Cingular Wireless Employee Servs., LLC, No. 1:08CV02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477

4

U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247-254; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. and Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)). Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. See Mitchell, 964 F.2d at 584-85.

## III. ANALYSIS

"[A] negligence claim requires a plaintiff to prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." Rice v. Sabir, 979 S.W.2d 305, 308 (Tenn. 1998). "The first element of a negligence claim – the duty owed plaintiff – 'is a question of law to be determined by the court.'" Wood v. Wal-Mart Stores East, LP, No. 3:11-1081, 2013 WL 3010698, at *1 (M.D. Tenn. June 18, 2013) (quoting McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995)). Belk asserts that Stockton's negligence claim against it fails because Stockton cannot prove that Belk owed or breached a duty of care or that Belk's alleged negligence caused the accident. (ECF No. 22.)

A. Duty

"[A] business owner breaches the duty of care owed to its customers when it allows a dangerous condition or defect to exist on the premises if that condition or defect was created by

5

the owner, operator or his agent; or, if the condition is created by someone else, when the business owner had actual or constructive notice that the dangerous condition or defect existed prior to the injury." Morris v. Wal-Mart Stores, Inc., 330 F.3d 854, 858 (6th Cir. 2003). "A duty may even be owed where the condition causing the injury is 'open and obvious,' but '[t]he duty imposed on the premises owner… does not include the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." Shaw v. Metro. Gov't of Nashville & Davidson Cnty., 596 S.W.3d 726, 736 (Tenn. Ct. App. 2019) (internal quotations omitted) (quoting Rice, 979 S.W.2d at 308–09). "'[A]nything that in fact causes harm is to some degree dangerous; but to impose liability, the thing must be dangerous according to common experience.'" Id. (quoting Henry v. City of Nashville, 318 S.W.2d 567, 568 (1958)).

Belk argues that "[c]ommon features in business establishments, such as signs in a department store, are ubiquitous and business invitees can expect to encounter them. They are not inherently dangerous conditions as a matter of law." (ECF No. 22 at PageID 211.) Stockton argues that "[t]he combination of placing an unstable sign so closely to a display rack created a dangerous condition that resulted in injury to the Plaintiff." (ECF No. 23 at PageID 222.)

Stockton has presented no evidence contradicting Belk's assertion that advertisement signs like the one at issue in this case are common or ubiquitous features in business establishments. Although there do not appear to be any Tennessee premises liability cases involving advertisement signs, advertisement signs are as common in stores as are floor mats. The Court finds, therefore, that this case is analogous to Tennessee negligence cases involving the placement of floor mats in businesses. In deciding whether ubiquitous features like floor

6

Case 1:19-cv-00332-JPM-CHS   Document 43   Filed 08/20/21   Page 6 of 10   PageID #: 406

mats pose an unreasonable risk of harm, courts have considered whether the feature is clearly visible, whether anyone has previously been injured by the common feature and whether the feature was properly placed and maintained. See Rogers v. Hobby Lobby Stores, No. 2:14-CV-379, 2016 WL 7799583, at *2–3 (E.D. Tenn. June 29, 2016) (finding that the defendant did not breach its duty to a customer who was injured stumbling on a floor mat that was clearly visible and had not previously caused an injury); Perry v. Kohl's Dep't Store, No. 07-1230 B, 2009 WL 10664466, at *9 (W.D. Tenn. July 29, 2009) (finding that a rug was not a dangerous condition where there was no evidence suggesting it was not properly maintained); Harrison v. The Pantry, Inc., No. 1:04-CV-318, 2005 WL 2671244, at *2–3 (E.D. Tenn. Oct. 19, 2005) (finding that a floor mat located just inside a store's entrance was not a dangerous condition where the floor mat was properly maintained); Mangum v. Golden Gallon Corp., No. 01A01-9709-CV-00459, 1999 WL 114221, at *3–4 (Tenn. Ct. App. Mar. 5, 1999) (finding that floor mats "frequently placed in commercial and business establishments in high traffic areas" are not inherently dangerous, absent proof that the floor mat was improperly maintained); but see Marden v. Gaylord Entertainment Co., No. 3:07-cv-0209, 2008 WL 2570856, at *4 (M.D. Tenn. June 25, 2008) (finding that the plaintiff "presented sufficient evidence to survive summary judgment with respect to the question of duty" where there was testimony that a floor mat was wrinkled and evidence that the mat at issue "had a propensity to become wrinkled repeatedly").

The advertising sign in this case was clearly visible and there is no evidence of any previous incidents of the Store's advertising signs tipping over. Stockton argues that the sign was inherently dangerous because it was improperly placed close to the clothing rack and was unstable. (ECF No. 23 at PageID 223–24.) However, Stockton's evidence that the sign's placement was improper is the deposition testimony of Amy Lawson, who stated that the sign

would normally be in the middle of the aisle because clothing racks already would have had advertisement signs on them. (Lawson Deposition, ECF No. 23-1 at PageID 259:9-23.) This testimony regarding the placement of the sign is entirely unrelated to the safety of the sign's positioning. Belk argues that concluding that the sign would have been safer in the middle of the aisle is "nonsensical and not supported by the testimony and evidence in this matter," particularly because this accident occurred on one of the busiest shopping days of the year. (ECF No. 29 at PageID 307.) The Court agrees. It was not foreseeable to Belk that placing a large and clearly visible sign, the instability of which had never previously caused an accident, out of the way of a crowded aisle on a busy shopping day presented a danger to its customers in the Store. "To hold otherwise would make the defendant an absolute insurer of its business invitees, which is simply not consistent with Tennessee principals of negligence." Rogers, 2016 WL 7799583, at *3. Because Stockton has failed to present evidence that the sign was inherently dangerous according to common experience, her claim that the sign created a dangerous condition for which Belk is liable must fail as a matter of law.

 B. Causation

 Even if Belk did owe and breach a legal duty to Stockton, Belk argues that "no act or omission of Belk was the proximate cause of [Stockton]'s alleged injuries[.]" (ECF No. 22 at PageID 215.) Belk argues that, because it was a third-party customer who caused the sign to fall, Stockton cannot demonstrate that Belk's alleged negligence was the proximate cause of her injuries. (Id.) Stockton does not directly address Belk's causation argument in her Response, arguing instead that Belk cannot attribute fault to the unknown customer because the customer has remained unidentified and Stockton has been unable to plead and serve process upon the customer. (ECF No. 23 at PageID 228.) Brown v. Wal-Mart Discount Cities, cited

by Stockton in support of her argument that Belk cannot attribute fault to the customer who ran into the clothing rack because Belk has provided no information regarding that customer's identity, applies when the issue is one of comparative fault. 12 S.W.3d 785, 786 (Tenn. 2000). Here, however, Belk is not asserting comparative fault; rather, Belk is asserting that the customer's running into the rack was the proximate cause of Stockton's injuries such that Belk is relieved of any liability. (ECF No. 22 at PageID 213–15.)

For Belk's negligence to have been the proximate cause of Stockton's injuries, its conduct "must have been a 'substantial factor' in bringing about the harm being complained of" and Stockton must show that her injuries "could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence." McClenahan v. Cooley, 806 S.W.2d 767, 775 (Tenn. 1991); see also Cotton v. Wilson, 576 S.W.3d 626, 638 (Tenn. 2019). "[I]f the injury that gives rise to a negligence case could not have been reasonably foreseen, there is no proximate cause[.]" King v. Andersen Cnty., 419 S.W.3d 232, 248 (Tenn. 2013).

Belk's alleged negligent conduct was placing a large, unstable sign close to another large object in the store. For that conduct to have been the proximate cause of Stockton's injuries in this case, a customer's bumping into the clothing rack with enough force to knock over the advertisement sign must have been reasonably foreseeable. Although proximate cause is ordinarily a question for the jury, there is no evidence that the instability of these signs had previously been a safety issue such that Belk would be on notice that simply positioning the sign near a clothing rack could result in an accident. Absent such evidence and in light of the intervening act of the customer bumping into the clothing rack, this Court finds that Stockton has failed to create a genuine dispute of material fact as to whether Belk's conduct was a "substantial factor" in causing the sign to fall and whether her injuries could have been

9

reasonably foreseen. See 62A Am. Jur. 2d Premises Liability § 524 ("[W]here other customers cause merchandise or other objects to fall on a customer, recovery by the injured party from the store owner would be barred on the ground that there is no showing of negligence on the part of the store owner, and that the proximate cause of injury was the act of a third person.").

## IV. CONCLUSION

For each of the reasons set forth above, Belk's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED**, this 20th day of August, 2021.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE